■ FRANK CRISAFULLI et al., Doing Business as J. CRISAFULLI AND SONS, Appellants, v. STATE OF NEW YORK, Respondents. (Claim No. 48779.) — Judgment unanimously affirmed, without costs. Memorandum: Claimants appeal from judgments of the Court of Claims dismissing their respective claims for damages caused to their lettuce crops by obstruction of drainage of their lands by a beaver dam. Beaver dams may only be removed by or with·permission of the Department of Conservation (Conservation Law, § 181, subd. [6]; § 225, subd. 3, par. [d]; § 250, subd. [11]; § 386, § 388) and the State is not liable to landowners for damages caused by beavers. (*Barrett* v. *State of New York*, 220 N. Y. 423.) The Conservation Department has the discretionary power to order removal of beaver dams but no action can be maintained against the State for its failure to exercise that power. (*Weiss* v. *Fote*, 7 N Y 2d 579, 584.) Where, however, the department decides to remove a dam and its employees fail to perform the ministerial act of carrying out the decision within a reasonable time, the State may be liable, "a distinction is drawn between a ministerial or nondiscretionary act from which liability ensues if done wrongfully, and a judicial or discretionary act for which the public officer is immune from liability" (*Rottkamp* v. *Young*, 21 A D 2d 373, 375, affd. 15 N Y 2d 831; 99 ALR 2d 1016, 1024). On June 26, 1967 claimant Crisafulli reported the existence of the beaver dam to Conservation Biologist Chamberlaine and Conservation Officer Chetney and requested its removal. Both of them decided that it should be removed and told him it would be done in a few days. Chamberlaine put a beaver complaint memorandum stating Crisafulli's name and location on the desk of the State Trappers. The dam was not removed and on July 31, 1967, after talking with claimant Barbera, Conservation Officer Gilbert called the Watertown Conservation office and directed that the dam be removed and he told Barbera that it would be done in a few days. On August 1, 1967, State Trapper Ayers was directed to remove it. He set traps on August 3 and caught the beavers and removed the dam on the 8th. We find that Conservation Department Officers Chamberlaine, Chetney and Gilbert were exercising a discretionary act when they decided that the dam should be removed and that the trappers were performing a ministerial act in respect of the removal of the dam. Negligence on the part of the trappers in not removing the dam within a reasonable time after June 26, 1967 imposed liability on the State unless claimants were barred from recovering by their contributory negligence in failing reasonably to inform the State that the water in their drainage ditches was rising and that there was a likelihood of damage to their lettuce crops. The trial court held that claimants

were contributorily negligent. We find after their original notice to the State on June 26, 1967, that none of the claimants contacted the State Conservation Officers in any way until July 31, 1967 when Barbera spoke to Conservation Officer Gilbert about it. This is true despite the fact that a number of the claimants admitted having seen Conservation Officer Gilbert almost every working day between June and July of 1967. Although Barbera gave a different date we find from the evidence that the date thereof was July 31, 1967 as stated by Gilbert. The trial court's decision that claimants were guilty of contributory negligence is sufficiently supported by the evidence. "It is the duty of every person to observe such precautions as may be necessary to prevent the injury to himself * * * he must use reasonable care in avoiding possible danger." (1 Warren's Negligence, § 2.01, p. 421.) In other words, a claimant must use for his own protection the care which a reasonably prudent and vigilant man would use under similar circumstances to protect himself from injury. (1 Warren's Negligence, § 10.01, p. 439.) The claimants' failure to do anything between June 26 and July 31 was unreasonable under the circumstances and provides sufficient evidence to support a finding that they were contributorily negligent. (Appeal from judgment of Court of Claims, dismissing claim for damages for loss of crops.) Present — Goldman, P. J., Marsh, Witmer, Cardamone and Henry, JJ.